**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MIXON EDWARD GAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1948-JD** |
| | ) | |
| **SEAN STEADMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Mixon Edward Gay, proceeding pro se, filed a complaint alleging violations of his civil rights. Doc. 1. He also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), Doc. 2, which was referred to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). After review, the undersigned recommends that the Court deny the Application.

## I. Background

On July 30, 2026, the undersigned explained that the Application was "deficient as it does not provide sufficient financial information for the Court to determine whether Plaintiff has 'a financial inability to pay the required filing fee.'" Doc. 4 at 1 (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005)). The undersigned ordered Plaintiff to cure the deficiencies by filing an amended application not later than August 20, 2026. *Id.* at 2.

The Court's ECF docket indicates that, as of this date, Plaintiff has failed to comply with the Order, as he has not submitted an amended application. Nor has Plaintiff

attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

## II. <u>Analysis</u>

The filing fee for a civil case in this Court is $405.00.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed without prepayment of fees or costs—that is, in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister*, 408 F.3d at 1312. Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

An incomplete application to proceed IFP is often insufficient to establish that IFP status should be granted. *See id.* at 1313 ("We conclude that the district court did not abuse its discretion in denying IFP status after [the plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information."). Here, as previously explained to Plaintiff:

> Plaintiff attests that he is unemployed. Application at 2. He further attests that he has no income from any source and his date of last employment is unknown. *Id.* He attests he has no money in cash or a bank account, and no or "minimal" assets. *Id.* at 3. He does not include any regular monthly expenses, but lists five children who are dependent on him for support (though he does not indicate the amounts he contributes to their support). *Id.*

---

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

> The Court presumes Plaintiff has regular living expenses such as, for instance, housing, transportation, food, and other necessities. Plaintiff must explain to the Court what all of his monthly expenses are and how he meets these expenses with no income and minimal assets. Plaintiff must also include the amounts of support he provides his children.
>
> Additionally, if Plaintiff relies on someone for financial support, their financial resources must be included in the Application.

Doc. 4 at 1-2. Plaintiff, however, did not provide any of the required information to the Court. Accordingly, Plaintiff's Application is insufficient to grant him IFP status.

## III. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court **not later than September 14, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 24th day of August, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE